**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2792
_____

JAMES MOSLEY,
                              Appellant

v.

CHRISTOPHER BAGNATO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-02996)
District Judge:  Honorable Mia R. Perez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 22, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant James Mosley filed his Complaint alleging that Defendant Christopher Bagnato discriminated against him on the basis of his race by sending him a letter that Mosley found to be offensive. Mosley is African-American, and alleges that Bagnato is of Spanish descent. He seeks injunctive relief as well as compensatory and punitive damages. Upon review under 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court sua sponte dismissed the Complaint with prejudice for failure to state a claim. Mosley timely filed his appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "We accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We agree with the District Court's disposition in this case. To properly assert a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Bagnato is a private attorney, and Mosley fails to introduce any allegation or factual material that would cause the Court to consider him a state actor. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). We likewise agree with the District Court that, to the extent that Mosley relied on theories of alleged discrimination

2

on the bases of medical disability or age (which he did not raise in his appellate brief), he failed to plead a plausible claim for relief. Finally, in his brief, Mosley suggests that Bagnato's letter violated his rights under 42 U.S.C. § 1981. An appellant may not raise new claims on appeal, see Webb v. City of Phila., 562 F.3d 256, 263 (3d Cir. 2009), but, even if it were otherwise, Mosley has not meaningfully alleged that Bagnato violated his rights "to make and enforce contracts, to sue… and to the full and equal benefit of all laws and proceedings for the security of personal and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a); see also Comcast Corp. v. Nat. Ass'n of African American-Owned Media, 140 S.Ct. 1009, 1019 (2020) (explaining that § 1981 requires a plaintiff to show that "but for race, [he] would not have suffered the loss of a legally protected right").

For these reasons, we will affirm the District Court's judgment.